UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT APPLEBAUM,

                    Plaintiff,

          -v-                                              CIVIL ACTION NO. 24 Civ. 1861 (JHR) (SLC)

MAGNOLIS US LLC AND MAGONIS BOATS SL,                      **ORDER**

                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

In this action, Plaintiff alleges, <u>inter alia</u>, that Defendants breached a warranty related to Plaintiff's purchase of a boat and accessories from Defendants (the "Boat"). (Dkt. No. 1). Defendants defaulted by failing to appear and defend in this action, and on June 25, 2025, Plaintiff filed a Motion for Default Judgment against Defendants. (Dkt. No. 27 (the "Motion")). Plaintiff also filed an attorney declaration and exhibits in support of the Motion. (Dkt. Nos. 29–30 (the "Damages Submission")). On September 2, 2025, the Honorable Jennifer H. Rearden granted the Motion and referred the case to the undersigned to conduct an inquest on damages. (Dkt. Nos. 32–33).

In the Damages Submission, Plaintiff seeks to recover the full purchase price of the Boat. (Dkt. No. 29 ¶ 8). This is not the correct measure of damages for a breach of warranty. "Where a buyer has accepted nonconforming goods, damages equal to the difference between the value of the goods accepted and the value of the goods as warranted is an appropriate remedy under the [Uniform Commercial Code]." <u>Assure Global, LLC v. Anderson</u>, 763 F. Supp. 3d 476, 489 (S.D.N.Y. 2025) (citing New York law). Accordingly, Plaintiff is not entitled to recover damages for the full purchase price of the Boat but only

the difference between the value of the Boat as Plaintiff received it and the value of the Boat that Plaintiff bargained for and that Defendants warranted.  Plaintiff has only provided the Court with outbound wire requests showing the full amount he paid for the Boat (Dkt. No. 29-6), but has not provided any evidence showing the difference in the value of the Boat. As a result, based on the Damages Submission, the Court is unable to "calculate damages with reasonable certainty." Assure, 763 F. Supp.3d at 490.

Accordingly, by **Tuesday, November 4, 2025**, Plaintiff is ORDERED to supplement the Damages Submission with sufficient evidence showing the difference in value of the Boat as warranted and as accepted.

Plaintiff is directed to serve a copy of this Order and his supplemental damages submission, if any, on Defendants and file proof of service on the docket by **Tuesday, November 4, 2025.**  Defendants shall file any response by **Tuesday, November 18, 2025.**  If Defendants (1) fail to respond to Plaintiff's supplemental Damages Submission, or (2) fail to contact my chambers by **Tuesday, November 18, 2025** and request an in-court hearing, we intend to issue a report and recommendation concerning damages based on Plaintiff's written submissions alone without an in-court hearing.  See Transatlantic, 109 F.3d at 111 ("'It [is] not necessary for the district court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'") (quoting Fustok v. Conticommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Dated:       New York, New York
             October 21, 2025

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**