UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT APPLEBAUM,

                          Plaintiff,                    24 Civ. 1861 (JHR) (SLC)

            -v.-                                        ORDER ADOPTING REPORT
                                                        AND RECOMMENDATION
MAGONIS US LLC, et al.,

                          Defendants.

JENNIFER H. REARDEN, District Judge:

Plaintiff Robert Applebaum brings this action for breach of warranty against Defendants Magonis Boats US LLC and Magonis Boats SL.  ECF No. 1.  On September 2, 2025, the Court granted Plaintiff's motion for a default judgment, ECF No. 32, and referred the case to Magistrate Judge Sarah L. Cave for inquest, ECF No. 33.   Before the Court is Judge Cave's Report and Recommendation recommending that the Court enter judgment for Plaintiff consisting of compensatory damages in the amount of $26,177, prejudgment interest in the amount of $5,501.85, attorneys' fees in the amount of $20,317.50, and costs in the amount of $1,138.43.  ECF No. 41.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Cave's recommendation.

## BACKGROUND[1]

Plaintiff filed his Complaint on March 12, 2024.  ECF No. 1.  Defendant Magonis Boats SL, based in Spain, was served with process, pursuant to Federal Rule of Civil Procedure

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* ECF No. 41.

4(f)(2)(C)(ii), on March 28, 2024.  ECF No. 7.  Defendant Magonis US LLC was served with process on April 9, 2024.  ECF No. 8.

On May 9, 2024, after Defendants had failed to appear, the Court directed Plaintiff to "move for a default judgment against Magonis US LLC."  ECF No. 9.  On Plaintiff's application, ECF Nos. 10, 12, 14, 15, the Clerk of Court issued certificates of default as to both Defendants, ECF Nos. 16, 17, on May 10, 2024.  On May 20, 2024, Plaintiff moved for a default judgment as to both Defendants, ECF No. 19, and filed a declaration and a proposed order in support, ECF Nos. 20, 21.

On June 4, 2025, the Court denied Plaintiff's motion without prejudice for failing to include a memorandum of law as required by the Court's Individual Rules and Practices in Civil Cases, *see* Attachment A– Default Judgment Procedure, and directed Plaintiff to file his memorandum of law by June 18, 2025.  ECF No. 24.  On June 17, 2025, Plaintiff requested a one-week extension of time to file his renewed motion for a default judgment.  ECF No. 25.  The Court granted Plaintiff's request.  ECF No. 26.

On June 25, 2025, Plaintiff renewed his motion for a default judgment, ECF No. 27, and filed a memorandum of law, a declaration, and a proposed order in support.  ECF Nos. 28-30. Defendants were served with the default judgment papers by overnight courier on June 26, 2025. ECF No. 31.  On September 2, 2025, the Court granted Plaintiff's motion, ECF No. 32, and referred the case to Judge Cave for inquest, ECF No. 33.

On September 3, 2025, Judge Cave ordered Defendants to submit any response to Plaintiff's damages submission by September 17, 2025 and warned that, "IF DEFAULTING DEFENDANTS (1) FAIL[ED] TO RESPOND TO PLAINTIFF'S DAMAGES SUBMISSION, OR (2) FAIL[ED] TO CONTACT [JUDGE CAVE'S] CHAMBERS BY **SEPTEMBER 17, 2025** AND REQUEST AN IN-COURT HEARING," Judge Cave would decide the damages issue on

"PLAINTIFF'S WRITTEN SUBMISSIONS ALONE." ECF No. 34. Defendants did not file a submission or contact Judge Cave's chambers.

On October 21, 2025, Judge Cave directed Plaintiff to "supplement the Damages Submission with sufficient evidence showing the difference in value of the Boat as warranted and as accepted" by November 4, 2025. ECF No. 36. On Plaintiff's request, ECF No. 37, Judge Cave extended Plaintiff's deadline to supplement his submission to November 11, 2025 and Defendants' deadline to file any response to November 25, 2025. ECF No. 38. On November 11, 2025, Plaintiff filed his submission, ECF No. 39, and mailed a copy of the same to Defendants, ECF No. 40.

On December 1, 2025, Judge Cave issued a 27-page Report and Recommendation recommending that Plaintiff be awarded: (1) "[c]ompensatory damages in the amount of $26,177.00" (consisting of breach of warranty damages in the amount of $19,900.00; sales tax in the amount of 1,393.00; marina storage fees in the amount of $4,320.00; and insurance premium in the amount of $564.00); (2) "[p]rejudgment [i]nterest in the amount of $5,501.85"; (3) "[a]ttorneys' fees in the amount of $20,317.50"; and (4) "[c]osts in the amount of $1,138.43." ECF No. 41 at 26. The Report and Recommendation notified the parties that they had "fourteen days . . . to file written objections." *Id.* at 27. The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's

3

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would prevent a party from "rais[ing] any objection . . . on appeal," ECF No. 41 at 27, the parties did not file any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.[2] The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

---

[2] In connection with a damages inquest, a plaintiff must "substantiate a claim with evidence to prove the extent of damages." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y.

4

Accordingly, the Report and Recommendation is adopted in its entirety.  Plaintiff is awarded judgments in the amount of $26,177 in compensatory damages, $5,501.85 in prejudgment interest, $20,317.50 in attorneys' fees, and $1,138.43 in costs.  By **May 27, 2026**, Plaintiff shall serve this Order upon Defendants and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: May 22, 2026
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

---

2012) (adopting report and recommendation recommending, on an inquest following grant of default judgment, that "no damages be awarded" because the plaintiff did not "provide[] an adequate basis" for her requested damages or "an explanation . . . of the meager documentary evidence" submitted in support).  Plaintiff alleged that he had provided "written notice" to Defendants "that he was rejecting the boat and requesting a refund of his purchase price."  ECF No. 1 ¶ 27.  Plaintiff further claimed that, because he had rejected the boat, he was entitled to "the price as has been paid, plus incidental and consequential damages."  ECF No. 39 (internal quotations omitted).  But Plaintiff neither attached that notice to the Complaint or to the Declaration of Daniel H. Wooster, ECF No. 21, nor otherwise submitted it.  Accordingly, Plaintiff's allegation that he rejected the boat, entitling him to $92,150 in damages, is not sufficiently "substantiated" in the record.  *Lenard*, 889 F. Supp. 2d at 527; *see Reisman v. Ne. Power & Gas LLC*, 720 F. Supp. 3d 279, 291 (S.D.N.Y. 2024) ("Once liability has been established, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty" (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997))).  In view of the foregoing, it was not "clearly erroneous," *Nazon*, 2023 WL 1516905, at *1, to conclude that Plaintiff "ha[d] not established [] that he rejected the Boat," ECF No. 41 at 14-15, and that he therefore was only entitled to $19,900 in damages, accounting for the "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," *id*.  In any event, Plaintiff did not file any objections to the Report and Recommendation.

5